569 P.2d 361

STATE of Idaho, Plaintiff-Respondent,

v.

Arthur Ely MAKI, Defendant-Appellant.

No. 12276.

Supreme Court of Idaho.

Sept. 22, 1977.

William H. Mulberry, Pinehurst, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur J. Berry, III, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In June of 1973, judgments of conviction were entered against appellant Arthur Maki on his guilty pleas to charges of assault with a deadly weapon and escape by one charged with a felony. The district court sentenced Maki to two years on the assault charge and five years on the escape

charge, the terms to run consecutively. However, the court suspended the sentences imposed and placed Maki on probation for five years pursuant to certain conditions.

In October of 1975, while under probationary supervision in Wyoming, appellant Maki violated the express conditions of his probation by leaving the state, and changing his residence and employment without the prior written consent of his probation officer. Maki was rearrested in Idaho in April of 1976. A probation revocation hearing was held, at which appellant Maki admitted the violations of his probation.

In an amended judgment the district court vacated the suspension of the original sentence for escape and ordered the original sentence of five years reinstated, with credit for the time served in county jail as a condition of probation and for the time served since appellant Maki's rearrest. The original sentence for assault was not reinstated since the two years of probation on that sentence had been served.

The sole question before us on appeal is whether or not, under the circumstances of this case, the district court abused its discretion in reinstating the original five year sentence.[1] Defendant argues that at the probation revocation hearing the district court did not take into account defendant's efforts at rehabilitation and that the reinstatement of the original five year sentence was excessively harsh as well as being cruel and unusual punishment in violation of his constitutional rights.

These assertions, however, are conclusory only. We are reminded by defense counsel of the factors which the district court must take into account when granting, withholding or revoking probation, *State v. Kauffman,* 94 Idaho 20, 480 P.2d 614 (1971), but no analysis of the record is presented to show that the trial court in fact neglected to take these factors into account. We are cited to an annotation purporting to hold that the statutory maximum sentence may be imposed only upon the worst of criminals when, in fact, the annotation holds rather that the trial court at a probation revocation hearing has discretion to impose any sentence so long as it does not exceed the statutory limits prescribed by law for the original offense. Annot., 65 A.L.R.3d 1100 (1975). We are told that the sentence imposed in this case is "cruel and unusual punishment," but no reasons are given for this assertion nor are we cited to any case(s) so holding under similar circumstances.

Our own reading of the record convinces us that the trial court did take account of the various factors which must be considered at a probation revocation hearing. *State v. Edelblute,* 91 Idaho 469, 424 P.2d 739 (1967). The trial court concluded by giving defendant Maki credit towards the five year sentence for the six months served in county jail as a condition of probation under the original sentence. In addition, Maki is also entitled by statute to credit for all time served since the bench warrant was issued for his rearrest in April of 1976. IC § 19–2603.

The trial court did not abuse its discretion in reinstating the full sentence, and we affirm the order of the trial court.

---

1. Defendant does not challenge the authority of the court under I.C. § 19–2601(2) to condition its suspended judgment and probation order upon Maki's serving of six months in the county jail. Nor does he argue that such a procedure amounts in substance to a commuted sentence under I.C. § 19–2601(1). We do not rule upon either issue.