670 P.2d 908

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jimmy Wayne TEAL,
Defendant-Appellant.**

**Nos. 14656, 14657.**

Court of Appeals of Idaho.

Oct. 4, 1983.

Alan Goodman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

TOWLES, Judge Pro Tem.

This is a consolidated appeal from orders in two criminal cases, revoking probation and directing execution of sentences of confinement which had been suspended during probation. Appellant Teal contends that (1) the state had waived the probation violations by its delay in seeking to have probation revoked; (2) execution of the original sentences was excessive punishment considering the evidence before the court; and (3) credit for time served was improperly computed. However, we affirm the orders of the district court.

The original sentences were pronounced by a district judge (different from the judge who later sat in the probation viola-

tion proceedings) after Teal pled guilty to a charge of forgery (Minidoka County Case No. 1024) and to a charge of burglary in the first degree (Minidoka County Case No. 1026). The presentence hearings were conducted simultaneously and indeterminate sentences of five years were imposed in both cases. The forgery sentence was pronounced before the burglary sentence. The court ordered each sentence to run consecutively to the other. However, the court also retained jurisdiction for 120 days on each charge pursuant to I.C. § 19–2601(4). Upon recommendation of the Board of Correction, on August 7, 1978, the court suspended execution of the sentence in each case and placed Teal on concurrent terms of probation for four years. Teal also received credit against the forgery sentence for 161 days spent in custody, prior to the probation order.

Shortly after Teal was released on probation, an officer in the police department of Paul, Idaho, released a taped interrogation of Teal in which Teal implicated two other individuals in the burglary and in which Teal agreed to testify against them. Teal later claimed that he was labeled a "squealer" and that threats were made against his life. In the early fall of 1978 Teal absconded from supervision by probation authorities. He left Idaho, adopted an alias, and over the next three years worked in Arizona, Texas, New Mexico, and Colorado.

The district court in Idaho issued a bench warrant on May 5, 1980, based upon the prosecutor's representation that Teal had absconded, that his whereabouts were unknown, and that Teal had failed to appear on another criminal charge in Power County, Idaho, scheduled for June 18, 1979. This charge involved an unrelated incident that had occurred in 1975.

In January of 1981, Teal moved to California, and held a job for a short time. On July 11, 1981, Teal was arrested on various felony charges in California. Following plea negotiations, Teal pled guilty to assault with intent to commit rape, a felony. On September 3, 1981, he was sentenced by

a California court to a term of four years in the custody of California authorities.

When the Idaho bench warrant was issued, the Minidoka County Sheriff placed the warrant on the National Criminal Identification Center (NCIC) computer. As a result, when the California authorities came into contact with Teal, they kept the sheriff informed of the pending criminal charges in California and of his ultimate conviction.

On November 25, 1981, the Power County criminal charges against Teal were dismissed. However, the Minidoka County Sheriff filed a "detainer" with the California authorities based on the May 5, 1980, bench warrant. Teal then requested an early hearing on the probation violation allegations upon which the bench warrant had been based. After some correspondence between Idaho and California authorities, Teal was delivered to the Minidoka County Sheriff on April 1, 1982, to face the allegations of probation violation.

On April 14, 1982, the district court amended the allegations underlying the bench warrant to charge an additional violation due to the California felony conviction. On April 19, 1982, Teal appeared in court and through his attorney denied all probation violation allegations on the ground that they had been waived by the state's delay in seeking to revoke the probation. Teal stipulated that he had, in fact, absconded from supervision in Idaho and had been convicted of a subsequent felony in California.

A probation violation hearing was held on May 3, 1982. The district court then found that Teal had violated probation in the above particulars. The court rejected the claim of waiver, terminated Teal's probation, and ordered execution of the original sentences in both cases, to be served concurrently with the California sentence.

## WAIVER

The issue of waiver as a defense to probation violation is a matter of first impression in Idaho. However, there is authority in other jurisdictions to support such a defense in an appropriate case. In *State v. Murray,* 81 N.M. 445, 468 P.2d 416 (1970), the New Mexico Supreme Court held that a probation violation would be deemed waived if the state unreasonably delayed in issuing and executing a bench warrant, where the probationers' location was known or could be ascertained with reasonable diligence and where there existed adequate procedural means to secure his return to face the violations charged. A similar test has been applied to claims of waiver of parole violations. *E.g., Shelton v. United States Board of Parole,* 388 F.2d 567 (D.C.Cir.1967); *Greene v. Michigan Dept. of Corrections,* 315 F.2d 546 (6th Cir.1963). In our view, such a defense is not meritorious here.

While at one point Teal did write to his probation officer advising that he had left the state of Idaho, he gave no indication of his whereabouts nor of his intentions. It is evident he left the state without permission of the Probation and Parole Department in the fall of 1978, filed no further monthly reports, and did not notify any probation or police authority in any other state of his status.

The state did not explain why it delayed, for some eighteen months, seeking a bench warrant. The state pointed only to a change in its probation personnel. The knowledge that Teal had not appeared at the Power County hearing still did not trigger any action for eleven months. Such action or inaction certainly gives ample rise to a claim of lack of diligence by the state. But the delay in the execution of the warrant after May 5, 1980, is another matter. Teal was "on the run." He was operating under an alias; and even though there was some evidence that his relatives knew his whereabouts, there was no evidence they would have revealed such information to the Idaho authorities. Until Teal's arrest in California, he committed no act sufficient to bring him to the attention of the police in any state.

Moreover, even if a probationer's location is known and the state has failed to act with due diligence, there is no waiver unless the resultant delay is "unreason-

able." A delay is not unreasonable, and a probationer is not entitled to complain that his federal or state due process rights have been denied, unless he is able to show substantial prejudice to his ability to answer the charge of probation violation. In *State v. Hernandez,* 97 N.M. 28, 636 P.2d 299, 301 (Ct.App.1981), the New Mexico Court of Appeals said:

> Although defendant's whereabouts could have been known if probation and police authorities had proceeded with reasonable diligence, this does not require a holding, as a matter of law, that the probation violation had been waived. Before waiver can occur, the delay must have been unreasonable.

> Just as reasonable diligence is a factual matter, so is unreasonable delay. Only when these factual matters have been determined can waiver be decided as a matter of law. Reasonable diligence involves the activities of probation and law enforcement personnel. Delay, to be unreasonable, involves not only the time involved, but the effect of the delay upon defendant. [Citations omitted.] Thus, *State v. Brown,* 95 N.M. 3, 617 P.2d 1324 (Ct.App.1980) and *State v. Sanchez,* 94 N.M. 521, 612 P.2d 1332 (Ct.App.1980), in discussing delay, considered whether defendant had been prejudiced.

■ Probation officers often encounter violations that, in the exercise of good judgment, do not demand the extreme remedy of violation proceedings. Conceivably however, a series of minor violations could conclusively show both the officer and the court that the rehabilitative benefits of probation are not effective. The officer should be free to delay commencing revocation proceedings, for a reasonable period of time, while he sees how the probationer is responding. Unless such delay can be shown to have interfered substantially with the probationer's ability to successfully refute the charge, there is no violation of due process and no waiver of the state's right to proceed.

■ Here, Teal showed no prejudice. The district court made a finding to that effect. The court further found there was no lack of diligence in alleging the violation based on the California felony charge and conviction. We uphold the court's conclusion that the probation violations had not been waived.

## EXCESSIVE SENTENCE

■ Teal contends that his "exemplary conduct" while on probation should have been considered by the court when it ordered execution of the original sentences. This argument is specious. The fact that Teal absconded from supervision, failed to notify any authorities of his whereabouts, and then committed a felony in California would preclude any consideration of sentence reduction.

The original sentences were well within statutory limits. Our standards for review of sentences are set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (1982), and need not be elaborated here. The district court's orders directing execution of the original sentences did not represent an abuse of discretion under *Toohill. See also State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Bartholomew,* 102 Idaho 106, 625 P.2d 1109 (1981); *State v. Wilson,* 100 Idaho 725, 604 P.2d 739 (1979); *State v. Maki,* 98 Idaho 557, 569 P.2d 361 (1977).

## CREDIT FOR TIME SERVED

■ Teal was given credit for 161 days spent in Idaho custody under I.C. § 18–309 on the forgery charge only. Now Teal contends that, in addition to the time he actually spent in custody in Idaho, he should be given credit against his Idaho sentences for all the time elapsed since he was arrested and confined in California. However, Teal's arrest and confinement in California, before he was delivered to the Idaho authorities, had nothing to do with the Idaho convictions. Therefore, Teal is not entitled to credit for any time spent in California custody, other than the concurrent operation of the Idaho and California sentences after his probation was revoked in Idaho on May 3, 1982. *See* I.C. §§ 18–309, 19–2602 and 19–2603.

However, upon the record before us, it appears that a different correction of sentence is required. At the time of sentencing for the forgery and burglary in Idaho, Teal had pled guilty to both charges and such pleas had been accepted by the court. At that point, for the purpose of the application of I.C. § 18–308, Teal had been convicted on both charges. *State v. Chauncey,* 97 Idaho 756, 554 P.2d 934 (1976). Idaho Code § 18–308 provides, in pertinent part:

> When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged. . . .

Thus, once one sentence had been imposed, the court was free to exercise its discretion by ordering the second sentence to be served consecutive to the first. Here, however, the district court, in the original judgment and sentence in each case, made each sentence consecutive to the other. As noted at the outset of this opinion, the forgery sentence (Docket No. 1024) was the first pronounced. At that point, there was no other sentence to which the term "consecutive" could apply. Therefore, the phrase "said five (5) year term is to run consecutively with the sentence in Minidoka County Case No. 1026" is surplusage and should be stricken to avoid confusion.

The case is therefore remanded to the district court for correction of the sentence and judgment in Minidoka County Case No. 1024 in accordance with this opinion. In all other respects the order revoking probation and directing execution of the sentence in each case is affirmed.

WALTERS, C.J., and BURNETT, J., concur.