865 P.2d 176

STATE of Idaho, Plaintiff–Respondent,

v.

Terry S. HORN, Defendant–Appellant.

No. 20327.

Court of Appeals of Idaho.

Nov. 30, 1993.

Petition for Review Denied Jan. 20, 1994.

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Terry S. Horn was convicted of forgery in the district court for Ada County, and sentenced to incarceration in the custody of the Board of Correction. On appeal, he seeks credit for time spent in confinement prior to his conviction and sentencing. We conclude that such credit is not available in this case and affirm the decision of the district court.

On August 30, 1990, the Ada County prosecutor filed a complaint charging Horn with forgery, I.C. § 18–3601. An Ada County warrant of arrest was served on Horn at the Gem County jail where he was awaiting disposition of apparently unrelated criminal charges in that county. After disposition of the Gem County charges, Horn was transferred to Canyon County to answer for unrelated criminal charges there. Next, he was transferred to Owyhee County to respond to criminal charges in that county, and thereafter he was transported to Elmore County where still more criminal charges were pending. At the conclusion of the Elmore County case, Horn was remanded to the custody of the State Board of Correction and incarcerated at the Idaho State Correctional Institution. On March 20, 1991, Horn was finally brought before a magistrate in Ada County and arraigned on the August 30, 1990 complaint. The magistrate released Horn on his own recognizance, resulting in his return to the custody of the Board of Correction. It appears that Horn was never incarcerated in the Ada County jail in connection with the warrant of arrest issued in that county.

On May 29, 1991, Horn was sentenced by the district court in Ada County to a unified sentence of six years with a minimum period of confinement of two and one-half years. The judgment provided that this sentence would run concurrently with other sentences then being served by Horn for the convictions in other counties. The district court did not give Horn credit for any of the time theretofore spent in the custody of the other counties or of the Board of Correction.

On April 4, 1992, Horn filed a motion for credit for time served. He sought credit for the 271 days that had elapsed between the service of the Ada County arrest warrant and the sentencing on May 29, 1991. During that period Horn had been continuously in the custody of the various county law enforcement agencies or the Board of Correction. The district court denied Horn's motion, and Horn appeals.

Idaho Code § 18-309 governs the award of credit for time served. It provides:

**18-309. Computation of term of imprisonment.**—In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. * * *

Whether the district court properly applied this statutory provision to the facts in this case is a question of law which we freely review. *State v. Dorr,* 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct.App.1991).

■ The directive of I.C. § 18-309 is mandatory, specifying that a person *shall* receive credit. *See Law v. Rasmussen,* 104 Idaho 455, 456-57, 660 P.2d 67, 68-69 (1983). However, the statute confers a right to credit only if the presentence incarceration was a consequence of the offense or an included offense for which the sentence is imposed. *Dorr, supra; State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991); *State v. Hale,* 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App.1989); *State v. Teal,* 105 Idaho 501, 504, 670 P.2d 908, 911 (Ct.App. 1983).

In *State v. Hale, supra,* we ruled that a defendant was not entitled to credit for previous incarceration in a different county on wholly unrelated criminal charges. The defendant in that case had been charged in Bonner County and released after posting bond. Subsequently, he was arrested in Kootenai County and, being unable to post bond, was held in jail. The Bonner County court, upon learning of the Kootenai County charges, revoked the defendant's bond. In holding that the time spent in Kootenai County would not be credited to the Bonner County sentence, we stated:

An entitlement to credit under I.C. § 18-309 depends upon the answer to a simple inquiry: was the defendant's incarceration upon the offense for which he was sentenced? If a particular period of confinement served prior to the imposition of sentence is not attributable to the charge or conduct for which a sentence is to be imposed, the offender is not entitled to credit for such confinement. . . .

*Hale,* 116 Idaho at 765, 779 P.2d at 450.

Horn apparently recognizes that he is requesting the very relief that was refused in *Hale,* and he urges this Court to overrule that decision. We decline to do so, for our ruling in *Hale* is consistent with and mandated by the plain language of I.C. § 18-309.

■ Horn argues, alternatively, that his case is distinguishable from the circumstance presented in *Hale* because Horn was served with the warrant of arrest on the Ada County charges while he was incarcerated in Gem County. Thus, he contends, he was in continuous *de facto* custody of Ada County from the time of service until final sentencing. We disagree.[1] As noted above, the standard that determines entitlement to credit for presentence detention is one of causation. Only if the presentence incarceration was caused by the charge for which a sentence is being imposed should credit be granted. That test is not met here. When the Ada County arrest warrant was served, Horn was already being detained as a consequence of charges in other counties. The Ada County warrant had no effect upon his liberty when he was already subject to confinement for the charges arising in Gem, Canyon, Owyhee and Elmore Counties. Upon Horn's arraignment in Ada County, he was released without bond. Only after his sentencing by the Ada County district court was Horn's liberty re-

---

1: We note that the proffered distinction does not truly differentiate this case from *Hale.* In *Hale,* the Bonner County district court revoked Hale's bond upon learning of the Kootenai County charges. Hale could have argued that he was being detained on both charges simultaneously.

strained in relationship to the Ada County charges.

Finally, Horn asserts that the denial of credit for time served is inconsistent with the district court's order that the sentence on the Ada County conviction be served concurrently with the sentences imposed in the other jurisdictions. He relies upon *State v. Hernandez*, 120 Idaho 785, 791–92, 820 P.2d 380, 386–87 (Ct.App.1991), where this Court held that in the event of concurrent sentences on multi-count convictions, the period of presentence confinement should be credited against each sentence. Horn's argument overlooks a critical distinction between his case and *Hernandez*. Hernandez was charged in one county under one multi-count indictment, and his arrest and presentence confinement were equally attributable to all counts. By contrast, Horn was incarcerated in separate counties on separate complaints for unrelated acts. The order allowing Horn's sentence on the Ada County conviction to be served concurrently with other sentences was an act of leniency by the court below; it does not render Horn's presentence confinement attributable to the Ada County charges.

Finding no error, we affirm the district court's order denying Horn's motion for credit for time served.

WALTERS, C.J., and PERRY, J., concur.