# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37273

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 698 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 4, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON ALLAN SHEPPERD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order denying motion for credit for time served, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

In June 2007, Jason Allan Shepperd was convicted of felony stalking, Idaho Code § 18-7905, and sentenced to a unified term of imprisonment of five years with one year fixed. About two and one-half years later, he filed a motion for credit for time served, seeking credit against his sentence for time spent in jail on a separate misdemeanor charge. The district court denied the motion, and Shepperd appeals.

Idaho Code § 18-309 directs that one convicted of a crime "receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." Thus, this entitlement to credit is limited to the period of confinement served before judgment and attributable to the same charge for which sentence is imposed. *See State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989).

1

In the present case, Shepperd's own affidavit filed in support of his motion states that he is seeking credit for time spent in jail not as a consequence of the present stalking charge but as a result of a new arrest on a separate misdemeanor. This new arrest occurred after he had been released from jail pending disposition of his stalking charge. The documentation attached to his affidavit likewise demonstrates that the incarceration for which he seeks credit was on the new misdemeanor charge. Because Shepperd is not entitled to credit on his sentence in the present case for time served in jail in a separate case, the district court correctly denied Shepperd's motion.

The district court's order denying Shepperd's motion for credit for time served is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**