# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39940

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 432 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 5, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL PATRICK JAMES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order denying motion for credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

On September 6, 2009, officers went to Michael Patrick James's Kootenai County residence in an attempt to arrest him on two active felony warrants. Officers were unable to locate James, but they observed firearms, numerous boxes of ammunition, and suspected stolen property in and around James's home. Officers obtained a search warrant and, upon searching James's residence, they located four firearms, numerous stolen vehicles and other stolen items, a dish "caked" with a crystal substance that tested positive for amphetamines, and "clandestin [sic] lab materials and chemicals." Two days later, an officer conducted a traffic stop on James, at which time James intentionally put his pickup in reverse and rammed the officer's patrol car, causing damage.

1

On October 9, 2009, a complaint was filed charging James with several felonies and a warrant was issued for his arrest. The complaint was ultimately amended to charge attempted trafficking in methamphetamine or amphetamine by manufacturing, three counts of grand theft, unlawful possession of a firearm, and felony malicious injury to property, with a habitual offender enhancement. In April 2010, James was arrested in the state of Washington for an offense unrelated to the Idaho charges. After sentencing in Washington, he was transported to Idaho on August 22, 2010, for disposition of the Kootenai County charges.

Pursuant to a binding Rule 11 plea agreement, James pleaded guilty to the charges and admitted to being a habitual offender, and the parties stipulated that James's sentence "shall be a prison sentence consisting of four (4) years fixed and a *minimum* of six (6) years indeterminate, the sentence on all counts to run concurrently." The district court imposed concurrent unified sentences of nineteen years, with four years fixed, for attempted trafficking in methamphetamine or amphetamine by manufacturing; ten years with four years fixed, for each of the three counts of grand theft; four years fixed for unlawful possession of a firearm; and four years fixed for felony malicious injury to property.

Approximately fourteen months later, on June 1, 2011, the district court, having heard a motion for credit for time served, entered an order granting James 134 days of credit for time served. On January 23, 2012, James filed an amended motion for credit for time served, requesting an additional 140 days of credit for time he spent incarcerated in Washington on the unrelated charges. At the hearing on the motion, James recognized that under Idaho law a defendant is not entitled to credit for time served for an unrelated offense. However, James argued that the district court's oral pronouncement at sentencing controls his sentence and that the district court said he would get credit for time served from the date of his "original arrest." James contended that his "original arrest" occurred in Washington on April 5, 2010. The district court then ruled as follows:

> It was the Court's pronouncement that the Kootenai County case, the Canyon County Case and the Bonner case would run concurrent. And I invited [defense counsel], given the complexity among those cases, I strongly suggest you contact department of corrections and submit a document in each of those cases as to the time served from his original arrest to today's date. He gets credit for it. It was the Court's intention that his arrest on those three cases apply--or on the case I was handling. He technically was not arrested until he arrived in the state of Idaho after finishing his term in the state of Washington and being released. It

2

was not my intention to give him credit for time served before he got to the state of Idaho.

The district court then denied the motion and James timely appealed.

On appeal, James is "[m]indful of Idaho Code Section 18-309, *State v. Moliga*, 113 Idaho 672 (1987), and the district court's factual finding that Mr. James was not arrested for the instant offense until he was taken in custody in the state of Idaho," James nevertheless argues that the district court erred in denying his amended motion for credit for time served because at sentencing the court stated:

> [G]iven the complexity of this plea agreement, I'm going to strongly suggest that you contact the department of corrections and you submit a document in each of the cases that are pending before me as to time served from his original arrest through today's date, so that when he gets down to the department of corrections, he gets credit for all the time he has actually served.

An inmate's entitlement to credit for incarceration served prior to entry of the judgment of conviction is controlled by I.C. § 18-309, which provides in part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

It is well established that entitlement to credit under I.C. § 18-309 applies only to a defendant's prejudgment incarceration upon the offense for which he was sentenced. *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). An offender is not entitled to credit for a particular period of confinement served prior to sentencing that is not attributable to the charge or conduct for which the sentence is imposed. *Id.*

It is thus obvious that James was not entitled to credit against his Kootenai County sentence for his incarceration in Washington for an offense that occurred in that state. James's assertion that the district court's comments at sentencing constituted an oral pronouncement granting him credit for time he served in Washington is without merit. Those comments did not indicate that the court intended to grant credit for time served on unrelated charges from another jurisdiction rather than simply allowing the credit for any time in which James was incarcerated in Idaho relating to the offenses for which he was sentenced in Kootenai County. James does not challenge the district court's factual finding that he "was not arrested for the instant offense until

he was taken in custody in the state of Idaho." Therefore, he has shown no error in the district court's denial of his amended motion for credit for time served.

Accordingly, the district court's order denying James's amended motion for credit for time served is affirmed.