**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43441**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 20** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 9, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STERLING GENE BRAND,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

─────────────────────────────

GUTIERREZ, Judge

Sterling Gene Brand appeals from the district court's order denying his Rule 35 motion for credit for time served. Brand specifically argues that because he was incarcerated when he was served his arrest warrant for the instant offense, he is entitled to credit for time between the date he was served the arrest warrant and the date the judgment of conviction was entered. For the reasons explained below, we affirm the district court's order.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Brand was incarcerated in the Ada County and Valley County jails beginning May 2014 on separate charges. On October 23, 2014, he was sentenced to the Idaho Department of Correction for a drug possession charge in the Valley County case. On November 4, 2014, Brand was transported to the Ada County jail to be sentenced on a drug possession charge in the

1

Ada County case.  That same day, Brand was served an arrest warrant for the instant offense--one count of grand theft.  A prison sentence was imposed for the Ada County drug possession charge on November 7, 2014.  Brand remained in the Ada County jail until sentencing for grand theft.

Brand pled guilty to grand theft on March 24, 2015.  And on May 12, 2015, the district court sentenced Brand to fourteen years, with two years determinate, and the remaining twelve indeterminate years to run consecutively, with sentences in the two prior cases from Ada County and Valley County.  The district court only granted Brand four days' credit for time served.  Brand filed an Idaho Criminal Rule 35 motion for credit for 190 days served, from the time he was served the arrest warrant on November 4, 2014, to when the judgment of conviction was entered on May 12, 2015.  During a hearing on the motion, the district court stated that "if you are in custody on separate charges and then unrelated charges are filed and you're in custody, you don't get credit for that time because you're not being held on the new charges, you're being held on the original charges."  The district court denied the motion, and Brand appeals.

## II.

## ANALYSIS

Brand argues the district court erred in denying his Rule 35 motion for credit for time served.  He reasons that the plain language of Idaho Code § 18-309 mandates credit for his prejudgment incarceration because he was incarcerated for grand theft beginning November 4, 2014, until the entry of the judgment of conviction on May 12, 2015.

Whether the district court properly applied this statutory provision to the facts in this case is a question of law which we freely review.  *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct. App. 1991).  Idaho Code § 18-309 governs the award of credit for time served.  It provides in part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense . . . *for which the judgment as entered*.

(Emphasis added.)

The directive of I.C. § 18-309 is mandatory, specifying that a person *shall* receive credit for prejudgment incarceration.  *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).  This means that the defendant is entitled to credit for all time spent incarcerated before

judgment. *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014). The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

However, I.C. § 18-309 confers a right to credit only if the presentence incarceration was a consequence of or attributable to the offense for which the sentence is imposed. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). Credit is to be given only if the presentence incarceration was caused by the offense for which a sentence is being imposed. *Horn*, 124 Idaho at 850, 865 P.2d at 177. Moreover, when a defendant is charged with a second crime while already incarcerated for a first offense, credit is not authorized if "the pending proceeding has no effect whatever upon a defendant's liberty." *Dorr*, 120 Idaho at 443, 816 P.2d at 1000 (quoting *State v. Moliga*, 113 Idaho 672, 675, 747 P.2d 81, 84 (Ct. App. 1987). The purpose of I.C. § 18-309 and similar statutes "is to eliminate unequal treatment of indigent prisoners who, because they were unable to post bail, are confined longer than their wealthier counterparts." *Dorr*, 120 Idaho at 443, 816 P.2d at 1000.

Brand argues that based on the above precedent from this Court, we have gone beyond the plain language of I.C. § 18-309 to improperly restrict the mandatory award of credit. Quoting *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015), Brand maintains that the only condition in the statute is that "the defendant's prejudgment jail time was for 'the offense' the defendant was convicted of and sentenced for." Brand reasons that because he was incarcerated "for the offense" of grand theft following the service of an arrest warrant on November 4, 2014, the district court was required to give him credit for his prejudgment incarceration for grand theft.

3

Brand's reliance on *Owens* is misplaced. In *Owens*, the district court granted the defendant credit for his prejudgment time served on only one of his eight counts of issuing a check without funds. *Id.* at 3, 343 P.3d at 32. In reading the plain language of I.C. § 18-309, the Idaho Supreme Court noted that although the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" describes the type of incarceration for which the defendant is entitled to credit. *Owens*, 158 Idaho at 4, 343 P.3d at 33. Thus, the Court held that if the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the defendant is entitled to that credit. The defendant in *Owens* was incarcerated before trial for multiple counts of issuing a check without funds. After conviction, he was sentenced on each of the eight separate offenses. But he only received credit for time served for one of the eight offenses. The Court therefore vacated the district court's order and concluded the defendant was entitled to credit for the prejudgment time he served on all of the eight offenses. The same limit articulated by this Court--that incarceration must be a consequence of or attributable to the offense or conduct for which the sentence is imposed--applied in *Owens* because the incarceration was a consequence of the eight offenses he was convicted of and sentenced for.

Here, the record indicates that Brand was not incarcerated for grand theft from November 4, 2014, to May 12, 2015. Rather, he was incarcerated for drug possession charges in the previously filed Ada County and Valley County cases. Had he not been awaiting sentencing for grand theft, Brand would have been serving his drug possession sentences in prison. He happened to be served the arrest warrant for his grand theft offense while he was already incarcerated for drug possession. As a result, the incarceration could not be attributable to the grand theft charge, and the grand theft charge had no effect upon Brand's liberty. The district court therefore did not err in denying Brand's motion for credit for time served because his incarceration was not for the grand theft offense for which judgment was entered.

## III.

## CONCLUSION

The district court did not err in denying Brand's motion for credit for time served because he was incarcerated for other crimes when he was served an arrest warrant for the instant offense. Therefore, we affirm the district court's order.

Judge GRATTON and Judge HUSKEY **CONCUR**.

4