# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43442

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 430** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  March 14, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSHUA MICHAEL NALL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Timothy Hansen, District Judge.

Order denying Idaho Criminal Rule 35 motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Joshua Michael Nall appeals from the district court's order denying his Idaho Criminal Rule 35(c) motion for credit for time served.  Specifically, he argues that because he was incarcerated when he was served the arrest warrant for the instant offense, he is entitled to credit for time between the date of service and the date of entry of judgment.  For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2013, the State filed a criminal complaint charging Nall with conspiracy to commit burglary, promoting gang activity, unlawful possession of a firearm, and supplying a firearm to a criminal gang member.  Nall was in custody on a U.S. Marshal "no bond" hold related to charges on a federal case.  While in custody, Nall was served on July 23, 2013, with

1

the state arrest warrant. Nall was sentenced on his federal charges in August 2013 and received credit for time served toward his federal sentence for the period of January 1, 2013, through August 21, 2013. Nall remained incarcerated through his sentencing on the state charges, which took place on June 3, 2014.[1]

At his state sentencing, Nall asserted that he was entitled to credit for time served from the date he was served the state complaint and arrest warrant until entry of judgment. The district court found that Nall was not entitled to credit for time served for that period of incarceration because he had been held by the federal authorities. However, the district court provided that if the federal authorities did not give him credit for all the time served in federal custody, he would grant Nall credit on his state sentence. On June 5, 2015, the district court issued a judgment of conviction consistent with its oral ruling, "If Defendant does not receive credit for time served in Federal custody, then Defendant shall receive credit for three hundred sixteen (316) days served in prejudgment incarceration as provided by § 18-309, Idaho Code." The State filed a motion to clarify credit for time served and requested that the district court issue an amended judgment of conviction stating that Nall was entitled to zero credit for time served in the state case. Meanwhile, Nall sent two pro se letters regarding the issue of credit for time served, which the district court treated as a timely request for credit for time served pursuant to I.C.R. 35 and I.C. § 18-309. The district court held a hearing on the State's motion to clarify and Nall's motion for credit for time served. The district court subsequently issued an order holding that Nall was not entitled to credit for time served toward his state sentence. Nall timely appealed.

## II.

## ANALYSIS

Nall argues the district court erred in denying his Rule 35 motion for credit for time served. He reasons that the plain language of Idaho Code § 18-309 mandates credit for his prejudgment incarceration despite his concurrent incarceration for federal charges.

---

[1] Pursuant to a plea agreement, Nall pled guilty to conspiracy to commit burglary in violation of Idaho Code §§ 18-1401, 18-1701, 18-204, and supplying a firearm to a criminal gang member in violation of I.C. § 18-8505; the State dismissed the other charges. The district court imposed a sentence of ten years with two years determinate for each count, to run concurrently with each other and the anticipated federal sentence.

Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct. App. 1991). Idaho Code § 18-309 governs the award of credit for time served. It provides in part:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense . . . *for which the judgment was entered*.

(Emphasis added.)

The directive of I.C. § 18-309 is mandatory, specifying that a person *shall* receive credit for prejudgment incarceration. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014). The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

However, I.C. § 18-309 confers a right to credit only if the presentence incarceration was a consequence of or attributable to the offense for which the sentence is imposed. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). Credit is to be given only if the presentence incarceration was caused by the offense for which a sentence is being imposed. *Horn*, 124 Idaho at 850, 865 P.2d at 177. Moreover, when a defendant is charged with a second crime while already incarcerated for a first offense, credit is not authorized if "the pending proceeding has no effect whatever upon a defendant's liberty." *Dorr*, 120 Idaho at 443, 816 P.2d at 1000 (quoting *State v. Moliga*, 113 Idaho 672, 675, 747 P.2d 81, 84 (Ct. App. 1987)). The purpose of I.C. § 18-309 and similar

3

statutes "is to eliminate unequal treatment of indigent prisoners who, because they were unable to post bail, are confined longer than their wealthier counterparts." *Dorr*, 120 Idaho at 443, 816 P.2d at 1000.

Nall argues that based on the above precedent from this Court, we have gone beyond the plain language of I.C. § 18-309 to improperly restrict the mandatory award of credit. Quoting *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015), Nall maintains that the only condition in the statute is that "the defendant's prejudgment jail time was for 'the offense' the defendant was convicted of and sentenced for." Nall reasons that because he was incarcerated "for the offense" of which he was convicted following the service of the arrest warrant on July 23, 2013, the district court was required to give him credit for his prejudgment incarceration to the date of entry of judgment.

Nall's reliance on *Owens* is misplaced. In *Owens*, the district court granted the defendant credit for his prejudgment time served on only one of his eight counts of issuing a check without funds. *Id.* at 3, 343 P.3d at 32. In reading the plain language of I.C. § 18-309, the Idaho Supreme Court noted that although the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" describes the type of incarceration for which the defendant is entitled to credit. *Owens*, 158 Idaho at 4, 343 P.3d at 33. Thus, the Court held that if the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the defendant is entitled to that credit. The defendant in *Owens* was incarcerated before trial for multiple counts of issuing a check without funds. After conviction, he was sentenced on each of the eight separate offenses. But he only received credit for time served for one of the eight offenses. The Court therefore vacated the district court's order and concluded the defendant was entitled to credit for the prejudgment time he served on all of the eight offenses. The same limit articulated by this Court--that incarceration must be a consequence of or attributable to the offense or conduct for which the sentence is imposed--applied in *Owens* because the incarceration was a consequence of the eight offenses with which he was convicted and sentenced.

Here, the record indicates that Nall was not incarcerated for the offense for which judgment was entered in this case after service of the warrant. Rather, he was incarcerated for the federal offense. He happened to be served the arrest warrant for the offenses in this case while he was already incarcerated for the federal matter. As a result, the incarceration could not

4

be attributable to the offenses for which judgment was entered in this case and, consequently, had no effect upon Nall's liberty. The district court therefore did not err in denying Nall's motion for credit for time served because his prejudgment incarceration was not for the offenses for which judgment was entered.

## III.

## CONCLUSION

Nall is not entitled to credit for time served toward his state sentence because he has failed to prove that his confinement was caused by, or attributable to, the offenses in this case. Accordingly, we affirm the order of the district court denying Nall's I.C.R. 35 motion for credit for time served.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.