122 P.3d 1167

STATE of Idaho, Plaintiff–Respondent,

v.

Daniel Elias VASQUEZ, Defendant–Appellant.

No. 30769.

Court of Appeals of Idaho.

June 22, 2005.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Daniel Elias Vasquez appeals from his judgment of conviction and sentences for burglary and grand theft, contending that the district court erred in denying his motion for credit for time served. Specifically, Vasquez contends he is entitled to prejudgment credit to his Washington County sentence for the time he was incarcerated in the Payette County jail. We affirm.

## I.

### FACTS AND PROCEEDURE

In February 2003, Vasquez was arrested in Payette County for possession of a controlled substance. One month later, while still incarcerated in the Payette County jail, Vasquez was served with an arrest warrant for property crimes committed in Washington County. Vasquez was sentenced for the Payette County charge on July 10, 2003. On that same day, Vasquez was transported to Washington County where he was arraigned on the Washington County charges. On August 11, 2003, Vasquez was sentenced on the Washington County charges. His Washington County sentences were ordered to run concurrently with one another and with the sentence imposed in the Payette County case. Vasquez was credited only for the thirty-two days he served in the Washington County jail.

Vasquez subsequently filed a motion for credit for time served seeking additional credit on his Washington County sentences for the time he served in the Payette County jail. The district court denied the motion and Vasquez appeals. On appeal, Vasquez

contends he is entitled to prejudgment credit for the time he spent incarcerated in the Payette County jail because his incarceration in the Payette County jail was for both the Payette County charge and the Washington County charges.

## II.

### ANALYSIS ·

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts. *State v. Hale,* 116 Idaho 763, 779 P.2d 438 (Ct.App. 1989). The award of credit for time served is governed by I.C. § 18–309 which provides in part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

The statute's phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" means that the right to credit is conferred only if the prejudgment incarceration is a *consequence* of or *attributable* to the charge or conduct for which the sentence is imposed. *State v. Horn,* 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct.App.1993); *Hale,* 116 Idaho at 765, 779 P.2d at 440. Thus, there must be a causal effect between the offense and the incarceration in order for the incarceration to be "for" the offense, as the term is used in I.C. § 18–309.

Although Vasquez argues that this Court should use a causation test to determine whether he is entitled to prejudgment credit for time served in the Payette County jail, he fails to cite in his opening brief *State v. Horn,* 124 Idaho 849, 865 P.2d 176, a case directly on point, for application of this test.[1] In *Horn* the defendant, like Vasquez, was

being confined in a county jail for one charge when he was served with an arrest warrant from a different county for an unrelated charge. Specifically, Horn was serving time in the Gem county jail awaiting disposition of a criminal charge in that county when he was served with an Ada County arrest warrant. After Horn was served with the Ada County arrest warrant, he was transferred to several other counties where he was charged with other unrelated crimes. Following disposition of these charges, Horn was incarcerated at the Idaho State Correctional Institution (ISCI). When the court finally sentenced Horn for the Ada County charge, the court ordered the Ada County sentence to run concurrently with the sentences Horn was serving for convictions in the other counties; the court did not, however, credit Horn for his incarceration at ISCI or in the various county jails.

Horn filed a motion for credit for time served, seeking credit for the time that elapsed between service of his Ada County arrest warrant and the date he was sentenced. Horn argued that he was in *"de facto* custody of Ada County from the time of service until final sentencing." The Court of Appeals rejected this claim, holding that Horn did not meet the "causation test." Horn did not meet this causation test because Horn was already being detained as a consequence of charges in other counties when the Ada County arrest warrant was served and because the Ada County warrant had no effect upon his liberty when he was already subject to confinement for the charges arising in other counties. *Horn,* at 850–51, 865 P.2d at 177–78

Just as Horn failed to meet the causation test, so also has Vasquez failed to meet the causation test. Vasquez, like Horn, was already serving time in one county (Payette) when he was served with an arrest warrant from another county (Washington) on unrelated charges. The Washington charges, therefore, had no effect upon Vasquez's liberty because he was already subject to confinement for charges arising in Payette County.

---

1. Vasquez's proposed test for determining whether incarceration is "caused" by a particular charge is whether the defendant would continue to be detained for that particular charge if all other charges were dropped. ·Even though this test is cloaked in causation terminology, it is not in fact the causation test as established by Idaho case law because it does not require that incarceration occur as a consequence of or be attributable to the charge for which credit is sought.

Accordingly, Vasquez was not entitled to credit on his Washington County sentences for time served in Payette County.[2]

In addition to his causation argument, Vasquez asserts that *State v. Hernandez*, 120 Idaho 785, 820 P.2d 380 (Ct.App.1991) mandates he receive credit on his Washington County sentences for time served in the Payette County jail because the sentences imposed in each county were ordered to run concurrently. In support of his argument Vasquez relies on the court's statement in *Hernandez*: "In the case of concurrent sentences, the period of presentence confinement should be credited against *each* sentence." *Id.* at 791, 820 P.2d at 386. This assertion, however, acknowledges only part of the rule because the court later clarifies that where two or more charges form multiple bases for the defendant's presentence confinement, the defendant is entitled to credit against each sentence imposed on those charges *as long as* the credit would not be duplicative. *Id.* at 792, 820 P.2d at 387. The court in *Hernandez* does not explain when credit would be duplicative, but cites a Colorado case with approval, *Schubert v. People*, which states:

> To [require] credit for any presentence confinement served in connection with an unrelated criminal charge or sentence would ... result in duplicative sentencing credits to the offender whose presentence confinement is attributable to another charge unrelated to the charge for which the sentence is imposed and who is later sentenced on the unrelated charge with a [concurrent] credit for the same period of presentence confinement.

*Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985). There is a distinction between the defendant in *Hernandez* and the defendant in *Horn* and Vasquez, namely that Hernandez was charged in one county under one multi-count indictment, whereas Vasquez and Horn were charged for crimes in different counties on separate complaints for unrelated acts. When charges are concurrently *filed*, the prejudgment incarceration is caused by each charge. On the other hand, when the charges are not concurrently filed but rather brought by different complaints for unrelated charges in separate counties, the incarceration is not a consequence of all charges even if the sentences are subsequently ordered to run concurrently. In short, a defendant wrongfully receives duplicative credit for prejudgment incarceration when the incarceration is credited to each concurrent sentence but is attributable to only one charge and not the other.

In *Horn*, this Court rejected Horn's "automatic credit entitlement for concurrent sentences" argument and explained: "The order allowing Horn's sentence on the Ada County conviction to be served concurrently with other sentences was an act of leniency by the court below; it does not render Horn's presentence confinement attributable to the Ada County charges." *Horn*, 124 Idaho at 851, 865 P.2d at 178. Hence, the fact that Vasquez was given the benefit of concurrent sentences does not mean that he gets the additional benefit of prejudgment incarceration attributable to a completely separate crime committed in another county. Because Vasquez cannot demonstrate that his prejudgment incarceration in the Payette County jail is attributable to or a consequence of his Washington County charge, he is not entitled to credit for that prejudgment incarceration time.

### III.

### CONCLUSION

We conclude that the district court did not err in denying Vasquez's motion for credit for time served. Accordingly, Vasquez's judgment of conviction and sentences are affirmed.

Chief Judge PERRY and Judge LANSING concur.

---

**2.** Vasquez contends that *Horn* is not applicable to his case due to the factual distinctions between Horn and himself. *Horn* concerned in part, post-conviction incarceration for several charges in various counties whereas this case involves prejudgment incarceration on charges from one other county. Nevertheless, these factual differences are irrelevant to the causation analysis under I.C. § 18–309.