**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36118**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 485 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 27, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BILLY RANCIE OLDHAM, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Orders denying motions to withdraw guilty plea and motions to correct or reduce sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Shannon N. Romero, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Billy Rancie [Rancy] Oldham, Jr. pleaded guilty to arson.  Oldham appeals, contending that the district court erred in denying his two presentence motions to withdraw his guilty plea, in denying his motion to reduce his sentence, and in denying his motion for additional credit for time served.  We affirm.

**I.**

**FACTS AND PROCEDURE**

Oldham was charged with first degree arson, Idaho Code § 18-802, with a sentence enhancement for being a persistent violator, I.C. § 19-2514.  In a related but separate case, Oldham had previously been charged with attempted strangulation, I.C. § 18-923.  The two cases were consolidated for trial.  It was alleged that Oldham assaulted his wife by choking her with his hands during an argument and, after his wife took the couple's children and left their

1

residence, that Oldham set his own house afire using gasoline as an accelerant. Oldham initially pleaded not guilty to all charges, but later pleaded guilty to the arson charge under a plea agreement. In exchange, the State stipulated to dismiss the strangulation charge and the enhancement, and further agreed not to pursue any charges against Oldham's wife for criminal conduct she had revealed to the police during the investigations of the crimes.

Thereafter, Oldham moved to withdraw his guilty plea, contending that it was constitutionally infirm and, alternatively, that he had just reasons to withdraw the plea. The district court denied the motion. Shortly before the sentencing hearing, Oldham filed a second motion to withdraw his guilty plea, asserting different factual bases. The district court again denied the motion.

The district court imposed a unified sentence of fifteen years with five years determinate and granted 388 days' credit for time served. Oldham filed a timely notice of appeal. Thereafter, Oldham filed an Idaho Criminal Rule 35 motion seeking reduction of his sentence and additional credit for time served. The district court denied the motion in all respects. On appeal, Oldham challenges the district court's denials of his motions to withdraw his guilty plea and his Rule 35 motion.

## II.

## ANALYSIS

### A.     Motions to Withdraw the Guilty Plea

Oldham first asserts that the district court erred in denying his motions to withdraw his guilty plea. The standards governing such motions are well established. Presentence withdrawal of a guilty plea under the Idaho Criminal Rules is not an automatic right; a defendant bears the burden of demonstrating a just reason for the withdrawal. I.C.R. 33(c); *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009); *State v. Nath*, 141 Idaho 584, 586, 114 P.3d 142, 144 (Ct. App. 2005). Whether to grant such a motion is committed to the sound discretion of the district court, and such discretion should be liberally applied. *Arthur*, 145 Idaho at 222, 177 P.3d at 969. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether

the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Under constitutional standards, for a guilty plea to be valid the entire record must demonstrate that the plea was entered into in a voluntary, knowing, and intelligent manner. I.C.R. 11(c); *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007). If the guilty plea was not taken in accord with these constitutional due process standards, then a just reason under I.C.R. 33(c) will be established as a matter of law. *Stone*, 147 Idaho at 333, 208 P.3d at 737. Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial; and (3) whether the defendant understood the consequences of pleading guilty. *Workman v. State*, 144 Idaho 518, 527, 164 P.3d 798, 807 (2007); *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976).

Oldham contends that his guilty plea is constitutionally infirm and that he showed just cause for withdrawal of the plea because: (1) he did not understand that by pleading guilty he was waiving his right to a speedy jury trial, as evidenced by his failure to answer a question on his guilty plea advisory form; (2) the prosecutor had already informed Oldham's wife of her immunity before the guilty plea was entered, and Oldham therefore did not receive the benefit of his bargain; and (3) he did not fully understand that he might not be allowed to withdraw his guilty plea once entered, as evidenced by his answer to a question on his guilty plea advisory form.

As to the first of these, the district court held that at the change of plea hearing Oldham was fully informed and understood that his plea of guilty waived his right to a jury trial, and therefore his guilty plea was not, in this respect, constitutionally infirm or subject to withdrawal for a just reason, regardless of the content of Oldham's answer to a question in his guilty plea advisory form. The transcript of the plea hearing fully supports the district court's factual finding, and we agree with its legal conclusion.

Regarding ground number two, the district court further held that Oldham had received the benefit of his bargain regarding immunity for his wife, and the fact that the prosecutor informed her of that immunity prior to Oldham's entry of the guilty plea did not deprive Oldham of the benefit of the plea agreement. Again, we agree. The fact that the prosecutor actually

3

performed a part of his obligation under the plea agreement before Oldham pleaded guilty did not deprive Oldham of the benefit of this bargain; he received exactly what he bargained for--immunity for his wife. The substance of Oldham's argument seems to be that the prosecutor would have given immunity to Oldham's wife even if Oldham had not pleaded guilty, and therefore this component of the plea agreement was valueless to him. This argument is without merit, for the record does not establish what the prosecutor would have done vis-à-vis Oldham's wife if Oldham had not agreed to plead guilty and, in any event, the prosecutor's intent in that regard is irrelevant to the terms of the plea agreement into which Oldham actually entered and which the prosecutor fully performed.

As to ground number three, the district court held that whether Oldham's alleged lack of knowledge that he could not simply change his mind and automatically withdraw his plea at a later time did not amount to a plausible, just reason to allow withdrawal of the plea. Significantly, Oldham does not contend that he was misled into actually believing that he could withdraw his plea at will; he merely contends that he did not have an affirmative understanding that withdrawal might not be permitted even though the guilty plea advisory form explicitly advised him of that fact. Oldham cites no authority that this circumstance warrants withdrawal of the plea, and we perceive no abuse of discretion in the district court's rejection of this claim.

In Oldham's second motion to withdraw his guilty plea, he added a fourth ground for the withdrawal, namely that newly discovered evidence consisting of handwritten letters from his wife established possible defenses to the arson and the attempted strangulation charges. The district court held that Oldham's wife's unsworn statements in two handwritten letters fell far short of establishing a compelling defense to either charge and, therefore, no just reason had been shown. We agree. In the letters Oldham's wife stated that some unspecified items she thought had been removed from the house before the fire had later been found in the rubble and, with regard to the dismissed charge accusing Oldham of attempting to strangle her, that contrary to her previous statements to the police "nothing happened." Oldham's wife's unsworn statements do not prove, or even strongly indicate, that Oldham was not guilty of the arson charge, and his guilt or innocence as to the dismissed attempted strangulation charge is of little relevance to the validity of his plea of guilty to arson. Oldham has not demonstrated any constitutional infirmity in his plea nor that the district court abused its discretion in finding that Oldham had not shown a just reason for withdrawal of the plea.

4

**B.    Credit for Time Served**

Oldham next claims that the district court erred by denying his motion for additional credit for time served.  Idaho Code § 18-309 governs credit for prejudgment incarceration.  It provides in part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to the entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

Whether the sentencing court correctly applied I.C. § 18-309 to the facts of this case is a question of law over which this Court will exercise free review.  *State v. Jakoski*, 132 Idaho 67, 68, 966 P.2d 663, 664 (Ct. App. 1998); *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct. App. 1991).

On March 21, 2007, Oldham was arrested and charged with attempted strangulation.  He remained in custody and was not charged with arson until a separate criminal complaint was filed on May 29, 2007.  On appeal, Oldham contends that the district court erred in denying credit against his arson conviction for the period of his incarceration between March 21 and May 29 because the arson charge was an "included offense" of the attempted strangulation charge within the meaning of I.C. § 18-309.  He bases this claim on the ground that the two charges had been consolidated for trial under I.C.R. 13 as "connected" acts or as part of a "common scheme or plan."

This claim is without merit.  A defendant is entitled to credit for time served prior to the entry of judgment "if such incarceration was for the offense or an included offense for which the judgment was entered."  I.C. § 18-309.  The statute's phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" means that the right to credit is conferred only if the prejudgment incarceration is a consequence of or attributable to the charge or conduct for which the sentence is imposed.  *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Akin*, 139 Idaho 160, 164, 75 P.3d 214, 218 (Ct. App. 2003); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989).  Here, Oldham's act of trying to strangle his wife is entirely different from the act of lighting fire to his house, which is the conduct underlying the arson charge.  Because Oldham's incarceration from March 21 to May 29 was for the original charged offense of attempted strangulation and not for

5

the conduct giving rise to the second offense of arson, the offense for which he was ultimately sentenced, the district court did not err in refusing to give him credit for this time period.

Oldham presents a second claim of entitlement to additional credit for time served. He was on felony probation at the time he was charged with the instant crime. Oldham posted bond on the arson charge on November 2, 2007, but he remained in custody on probation violation charges until May 26, 2008. He seeks credit for this time period because the district court here, in its discretion, ordered that the arson sentence be served concurrently with the sentence executed on the probation violations.

In *State v. Hernandez*, 120 Idaho 785, 820 P.2d 380 (Ct. App. 1991), the defendant was charged with three separate offenses, held in pretrial incarceration on all three charges, and was convicted of all three charges. The district court imposed three concurrent sentences and granted the same credit for time served against each conviction. This Court held that the district court properly granted credit against each sentence because it did not result in more credit than actual time served. *Id.* at 792, 820 P.2d at 387. Here, Oldham claims that *Hernandez* stands for the proposition that anytime concurrent sentences are ordered, a defendant is automatically entitled to time served in each case against the other. This Court has twice before held that *Hernandez* does not stand for this proposition. *Vasquez*, 142 Idaho at 69, 122 P.3d at 1169; *State v. Horn*, 124 Idaho 849, 851, 865 P.2d 176, 178 (Ct. App. 1993). Instead, the requirements of the statute must first be satisfied. In *Hernandez*, the defendant's incarceration on all three charges "was for the offense or an included offense for which the judgment was entered." Here, in contrast, Oldham's incarceration on probation violations was not "for the offense" of the instant arson conviction. He had posted bond on the arson charge and therefore would have been released but for the probation violations. The district court did not err in denying the motion for credit for time served.

## C. Motion for Reduction of Sentence

Oldham also filed a timely I.C.R. 35 motion seeking reduction of his sentence. The district court denied the motion and Oldham claims error.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information

6

subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Oldham has a remarkably long criminal record and many of the prior charges and convictions involved violent conduct. Having reviewed the record, including the new information submitted with Oldham's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's order denying Oldham's I.C.R. 35 motion is affirmed.

### III.

### CONCLUSION

The district court's orders denying Oldham's motions to withdraw his guilty plea and his Rule 35 motions are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**