**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39765**

| | |
|---|---|
| STATE OF IDAHO, | 2013 Unpublished Opinion No. 483 |
| Plaintiff-Respondent, | Filed: May 6, 2013 |
| v. | Stephen W. Kenyon, Clerk |
| LEON JASON FORTNER, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying motion for credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Leon Jason Fortner appeals the district court's order denying his motion for credit for time served. For the reasons set forth below, we affirm.

On October 19, 1999, Idaho authorities engaged Fortner in a high speed chase. They believed Fortner stole three vehicles, one of which he struck an officer with during the incident. Fortner eluded Idaho authorities, but was arrested the same day in Utah and charged with several criminal offenses in that state. He remained in custody in Utah, prior to and following conviction of crimes charged in that state, until he was arrested in connection with the Idaho charges.

On October 25, 2001, the Twin Falls County Prosecutor filed a criminal complaint against Fortner in relation to Fortner's October 19, 1999, conduct, charging him with two counts

1

of felony eluding a peace officer, two counts of aggravated battery, one count of grand theft by possession of stolen property, and one count of grand theft. Idaho authorities arrested Fortner on April 18, 2002, and he later pled guilty to one count of felony eluding, one count of aggravated battery, and one count of grand theft. The district court sentenced Fortner on the Idaho charges on July 22, 2002.

Fortner filed a motion seeking credit toward his Idaho sentences for time spent incarcerated in Utah before being arrested on the Idaho charges. At the hearing on his motion, Fortner argued that he was entitled to credit toward his Idaho sentences for time served in Utah because the crimes he committed in Utah were part of one continuous transaction. The district court denied Fortner's motion insofar as it sought credit for time served in Utah on Utah charges. Fortner appeals.

Whether a sentencing court has properly awarded credit for time served is a question of law. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

Fortner argues the district court erred when it denied his motion seeking credit for time served. Fortner asserts that he is entitled to credit against his Idaho sentence for time served in Utah while awaiting prosecution and sentencing in Utah, even though he had not yet been charged in the Idaho case, because the underlying facts giving rise to both the charges in Idaho and the charges in Utah were part of one continuous transaction.

Credit for time served is governed by Idaho Code § 18-309. Pursuant to this statute, a defendant is entitled to credit for prejudgment incarceration attributable to the offense for which the defendant is being sentenced. *Vasquez*, 142 Idaho at 68, 122 P.3d at 1168; *State v. Akin*, 139 Idaho 160, 164, 75 P.3d 214, 218 (Ct. App. 2003); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). A defendant receives no credit against a sentence for time served on separate charges. *See State v. Moliga*, 113 Idaho 672, 676, 747 P.2d 81, 85 (Ct. App. 1987); *State v. Teal*, 105 Idaho 501, 504, 670 P.2d 908, 911 (Ct. App. 1983). Further, until a defendant is arrested and confined in connection with a specific charge, no credit toward the sentence stemming from that charge is due. *See Moliga*, 113 Idaho at 676, 747 P.2d at 85.

Fortner committed the offenses for both his convictions in Idaho and his convictions in Utah on the same day, October 19, 1999. On October 19, 1999, Fortner was arrested in Utah for

the crimes he committed while in the state of Utah. Fortner was later convicted on the charges stemming from his arrest in Utah and was incarcerated from the time of that arrest until April 18, 2002. On April 18, 2002, while incarcerated in Utah, Fortner was arrested for crimes he committed while in the state of Idaho. The time Fortner spent incarcerated in Utah before April 18, 2002, was solely attributable to the Utah offenses and not the Idaho offenses. Therefore, it cannot truthfully be said that any of the time Fortner spent incarcerated in Utah before April 18, 2002, was attributable to the offenses for which he was subsequently convicted in Idaho. The fact that all of the underlying offenses for the two convictions occurred on the same day is immaterial. Fortner is not entitled to any credit for time served in Utah before he was arrested on the Idaho charges, and we hold that the district court did not err when it denied Fortner's motion for credit for time served. Accordingly, the district court's order denying Fortner's motion for credit for time served is affirmed.