**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40374**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 574 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALISHA MARIE WISHCOP, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne Huang, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

The Ada County prosecutor filed a complaint against Alisha Marie Wishcop charging one count of felony possession of forged stolen checks and one count of felony grand theft. Wishcop pleaded guilty to felony grand theft, and the State dismissed the other count. The district court sentenced Wishcop to five years indeterminate with no fixed portion, to run consecutive to her sentence in a Bannock County case. The district court gave Wishcop credit for forty-two days served from March 13, 2009, the date Wishcop was released from the Pocatello Women's Correctional Center and transported to Ada County for arraignment in this case, to the date Wishcop's judgment and commitment was entered, April 24, 2009.

1

Wishcop later filed a motion for credit for 442 days served, from January 15, 2008 to March 13, 2009, while she was incarcerated in Bannock County, in Power County, and in the custody of the Idaho Department of Correction. Wishcop now appeals the district court's denial of that motion.

Entitlement to credit for prejudgment incarceration is governed by I.C. § 18-309 which provides: "In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which judgment was entered." Under this statute, the right to credit is conferred only if the prejudgment incarceration was a consequence of or attributable to the charge or conduct for which the sentence was imposed. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). A defendant does not meet this causation test if the defendant "was already serving time in one county . . . when he was served with an arrest warrant from another county . . . on unrelated charges." *Vasquez*, 142 Idaho at 68, 122 P.3d at 1168. This is because the charges for which the defendant is seeking credit "had no effect upon [the defendant's] liberty because he was already subject to confinement for the charges arising in [the first county]." *Id.*

In this case, the 422 days for which Wishcop requests credit is time for which she was already incarcerated on charges from Bannock County and Power County. Because this incarceration was not a consequence of or attributable to the Ada County charges in this case, she is not entitled to credit for that prejudgment incarceration. Accordingly, the district court's order denying Wishcop's motion for credit for time served is affirmed.