**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41078**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 626 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CULLEN ROBERT SIMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Orders denying motions for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Cullen Robert Sims appeals from the district court's orders denying his motions for credit for time served. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On August 9, 2012, police observed Sims driving and attempted to stop him in order to serve him with an arrest warrant for a parole violation. Sims failed to stop, rammed his vehicle into a police vehicle, struck another police vehicle, and sped away. While fleeing, Sims collided with a third party. The crash resulted in an injury to the third party and an injury to Sims's passenger. Sims was transported to a hospital for treatment of his injuries and a possible drug overdose.

On October 17, 2012, the state filed a complaint charging Sims with two offenses--felony eluding a peace officer and misdemeanor resisting or obstructing officers. An arrest warrant

1

issued and an officer served Sims with the warrant on November 21, 2012. On January 16, 2013, the state filed an amended complaint charging Sims with felony eluding a peace officer; aggravated driving under the influence (DUI); possession of methamphetamine; felony destruction, alteration, or concealment of evidence; and misdemeanor resisting or obstructing officers. A magistrate bound Sims over on all but the destruction of evidence charge, and the state filed a corresponding information.

Pursuant to a plea agreement, Sims pled guilty to aggravated DUI, I.C. § 18-8006, and the state dismissed the remaining charges. The district court imposed a unified sentence of fifteen years, with a minimum period of confinement of seven and one-half years. The district court ordered that Sims receive credit for time served in the amount of 191 days (starting from the date of arrest on November 21, 2012, and ending at his sentencing hearing on May 30, 2013).

After sentencing, Sims sent the district court a letter requesting credit for 295 days. Sims contended officers arrested him for the aggravated DUI on August 9, 2012. The district court treated the letter as an I.C.R. 35 motion for credit for time served and denied it. The district court reasoned Sims was not arrested until November 21, 2012, and that, although Sims may have been in custody on other charges preceding that date, because the arrest warrant was not issued until October 17, 2012, Sims was at large for at least a month before his arrest. Sims thereafter filed another motion for credit for time served and included an affidavit and attachments in support thereof. Sims again asserted he was arrested for the aggravated DUI on the day of the offense (August 9, 2012). The district court found that the evidence submitted by Sims did not demonstrate he was incarcerated on the date of the incident. Accordingly, the district court denied Sims's motion. Sims appeals.

## II.

### STANDARD OF REVIEW

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005). We defer to the district court's findings of facts, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

2

### III.

### ANALYSIS

Sims contends the district court's finding that he was not incarcerated on the date of the incident is clearly erroneous. Sims also contends that, although he was served with the arrest warrant on November 21, 2012, he was actually arrested August 9, 2012, for aggravated DUI. The state concedes Sims was incarcerated on the date of the incident.[1] However, the state argues this incarceration was not attributable to the aggravated DUI charge but, rather, to a parole violation in a separate case.

The award of credit for time served is governed by I.C. § 18-309, which provides in pertinent part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of the sentence . . . .

The statute's phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" means that the right to credit is conferred only if the prejudgment incarceration is a consequence of or attributable to the charge or conduct for which the sentence is imposed. *Vasquez*, 142 Idaho at 68, 122 P.3d at 1168; *State v. Akin*, 139 Idaho 160, 164, 75 P.3d 214, 218 (Ct. App. 2003); *State v. Hale*, 116 Idaho 763, 765, 779 P .2d 438, 440 (Ct. App. 1989). If a particular period of confinement served prior to the imposition of a sentence is not attributable to the charge or conduct for which a sentence is to be imposed, the offender is not entitled to credit for such confinement; neither does the sentencing judge err by denying credit under such circumstances. *Hale*, 116 Idaho at 765, 779 P.2d at 440.

Sims argues the district court erred because one of the police reports following the August 9, 2012, incident contains the following statement, "Sims was then taken into custody for felony eluding and his outstanding felony parole violation." However, an officer's narrative in a

---

[1] The district court's finding that Sims was not incarcerated is clearly erroneous. However, because we conclude the district court did not fail to award Sims any credit to which he was due, remand is not necessary. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984) (Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory.).

police report is not dispositive of whether Sims's incarceration was attributable to the aggravated DUI. Rather, that is a legal determination for this Court to make. The record demonstrates that the state did not file a complaint in the aggravated DUI case until October 17, 2012. A warrant was issued for Sims's arrest on this same date. Moreover, the record demonstrates officers served Sims with the arrest warrant on November 21, 2012. Thus, we hold Sims's incarceration could not have been attributable to the aggravated DUI charge until he was arrested on that charge on November 21, 2012.

Sims further contends the district court erred as a matter of law by concluding service of an arrest warrant constitutes incarceration. This argument misses the mark. The relevant inquiry is whether Sims's incarceration from August 9, 2012, to November 21, 2012, was attributable to the aggravated DUI charge. Given that that complaint was not filed until October 17, 2012, and the warrant was not served until November 21, 2012, Sims's argument is untenable. The record demonstrates that Sims's incarceration from August 9, 2012, to November 21, 2012, was attributable to a separate, no-bond warrant for a parole violation.

We recognize that *State v. Horn*, 124 Idaho 849, 865 P.2d 176 (Ct. App. 1993), may call into question the correctness of the credit given in this case. In *Horn*, the state filed a complaint in Ada County charging the defendant with forgery. An Ada County warrant was served on Horn at the Gem County jail, where Horn awaited disposition of unrelated criminal charges. After disposition, the state transferred Horn to Canyon County to answer unrelated criminal charges. The state then transferred Horn to Owyhee County to respond to more unrelated criminal charges and thereafter to Elmore County, where even more unrelated criminal charges were pending. At the conclusion of the Elmore County case, the state remanded Horn to the custody of the Board of Correction to serve his sentence. Approximately 200 days after service of the arrest warrant, Horn was brought before a magistrate in Ada County and arraigned. *Id.* at 849, 865 P.2d at 176. The magistrate released Horn on his own recognizance. Horn was never incarcerated in the Ada County jail in connection with that warrant. On appeal, this Court held Horn was not entitled to the 271 days that elapsed between service of the Ada County arrest warrant and sentencing on those charges because Horn was incarcerated in different counties on unrelated criminal charges. *Id.* at 851, 865 P.2d at 178. Thus, the incarceration was not attributable to the charge or conduct for which the Ada County sentence was imposed. *Id.* at 850, 865 P.2d at 177. This Court further explained that the determining factor was one of

causation--whether the presentence incarceration was caused by the charge for which the sentence was being imposed. *Id.* Pursuant to this analysis, the district court may have granted Sims more credit than that to which he was due. However, the state has not cross-appealed the decision of the district court and does not challenge the amount of credit awarded to Sims. Therefore, we do not address this issue further.

## IV.

## CONCLUSION

The district court did not fail to award Sims any credit to which he was due. Accordingly, we affirm the district court's orders denying Sims's motions.

Judge LANSING and Judge GRATTON, **CONCUR.**