IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42646

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 647 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER MATTHEW THOMAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Orders denying motions for credit for time served, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Pursuant to a plea agreement, Christopher Matthew Thomas pled guilty to delivery of a controlled substance. I.C. § 37-2734(a). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Thomas to a unified term of ten years, with a minimum period of confinement of three years, and retained jurisdiction. Following successful completion of his retained jurisdiction, the district court suspended Thomas's sentence and placed him on probation. Thomas filed a motion for credit for time served. The district court denied the motion, concluding that Thomas received all credit to which he was entitled.

Thomas violated the terms of his probation, and the district court revoked Thomas's probation but reduced his sentence to a unified term of eight years, with a minimum period of confinement of three years. Thomas received credit for 467 days served. Thomas moved the

1

district court for additional credit for time served, but the district court denied the motion. Thomas appealed. While his appeal was pending, Thomas filed a third motion for credit for time served with the district court, claiming he was entitled to an additional 260 days he served as discretionary jail time. Thomas's appeal was suspended pending the outcome of his third motion. The district court denied Thomas's third motion because the 260 days he sought credit for were discretionary jail time.

On appeal, Thomas challenges both of the district court's orders denying his motions for credit for time served. Whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, over which the appellate courts exercise free review. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005).

On appeal, Thomas contends that the 2015 amendments to I.C. §§ 18-309 and 19-2603, relating to motions for credit for time served, are retroactive. Thomas's appeal regarding credit for time served was suspended pending the Idaho Supreme Court's decisions in *State v. Leary*, ___ Idaho ___, ___ P.3d ___ (2016) and *State v. Taylor*, ___ Idaho ___, ___ P.3d ___ (2016). In those cases, the Idaho Supreme Court held that the 2015 amendments were not retroactive. Mindful of the holding in *Leary* and *Taylor*, Thomas asserts that he is entitled to credit for the 260 days of discretionary jail time. The district court correctly applied the law in effect at the time Thomas filed his motions for credit for time served. Thomas was not entitled to credit for time served as a condition of his probation or discretionary jail time. Thomas has failed to show the district court erred. Accordingly, the district court orders denying Thomas's motions for credit for time served are affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

2