# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43858

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 301 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 4, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAY WAYNE NEWBERRY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Orders denying motions for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

While on probation in a separate Ada County case, Jay Wayne Newberry pled guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(9), in this Twin Falls case. The district court imposed a unified sentence of five years, with a minimum period of confinement of two years, retained jurisdiction, and ordered the Twin Falls sentence to run consecutively with the Ada County sentence. Subsequently, Newberry was served with a warrant and was found in violation of his probation in the Ada County case, resulting in execution of the underlying sentence in that case. The district court relinquished jurisdiction in the Twin Falls case.

1

On November 9, 2015, Newberry filed a motion for credit for time served, requesting credit for time served from July 20, 2014 (the date he was booked into jail for the instant offense), through November 24, 2014 (the date judgment was entered); from December 4, 2014, through January 8, 2015 (the time he spent in the Ada County Jail after the warrant in the Ada County case was served); and from January 9, 2015 (the date Newberry was transferred to IDOC custody), through March 6, 2015 (the date the court entered its order relinquishing jurisdiction in this case).

On September 14, 2016, the district court entered an order granting Newberry 128 days of credit for time served prejudgment (July 20, 2014, to November 24, 2014) and 11 days of credit for time served between the entry of judgment and the date "a bond was set in the Ada County case" (November 24, 2014, to December 5, 2014), for a total of 139 days of credit for time served.

On November 20, 2015, Newberry filed a second motion for credit for time served, requesting that his credit for time served in this case and the Ada County case "run together, meaning that any time served in one case should be credited to the other case." The district court entered an order denying the motion, concluding:

> The Ada County case is a separate and distinct case from the Twin Falls County case. Furthermore, each case runs consecutive to the other. As such, the defendant will not be given credit in the Twin Falls County case for any time served in the Ada County case. *See State v. Vasquez*, 142 Idaho 67, 69, 122 P.3d 1167, 1169 (Ct. App. 2005) (the defendant was not entitled to credit on his Washington County sentences for time served in Payette County). The defendant will be given credit for time served in the Twin Falls County case for pre-trial confinement and post-disposition in the amount of 139 day(s). I.C. § 18-309.

Newberry filed a notice of appeal timely from the district court's orders denying his motions for additional credit for time served.

Newberry acknowledges that, because his sentences are consecutive, the court correctly calculated the credit for time served. Newberry nevertheless asserts that the district court erred by denying the "motion for credit for the time between service of the Ada County warrant and the order relinquishing jurisdiction." Newberry offers no argument in support of his claim and has failed to show error in the district court's denial of the motion for an additional 91 days' credit for time served.

2

The district court did not err in denying Newberry's motions for credit for time served. Therefore, the district court's orders denying Newberry's motions for credit for time served are affirmed.